IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GARY BRUST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:24-CV- |
| | ) JURY TRIAL DEMANDED |
| IRDETO USA INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Gary Brust, by undersigned counsel, and submits this pleading, stating as follows:

### I. PRELIMINARY STATEMENT

1. This is an action by an individual against his former employer for age discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA").

### II. THE PARTIES

2. Plaintiff Gary Brust ("Plaintiff" or "Brust") is 63 years of age and is domiciled in Georgia.

3. Defendant Irdeto USA Inc. ("Irdeto" or 'Defendant") is a Delaware corporation engaged in the business of digital platform cybersecurity.

4.     Defendant is a wholly owned subsidiary of a foreign private limited company, Irdeto Holdings, B.V., which is headquartered in the Kingdom of the Netherlands.

### III. JURISDICTION AND VENUE

5.     Plaintiff's claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(a).

6.     Venue is proper under 28 U.S.C. § 1391(b) and (c), as a substantial part of the events and omissions giving rise to the claims asserted occurred in the geographic area covered by the Atlanta Division of the United States District Court for the Northern District of Georgia.

7.     Plaintiff submits to the jurisdiction of this Court by filing suit.

8.     Defendant's operations and business activity in Georgia are substantial enough to create in personam jurisdiction.

9.     Defendant is an employer engaged in interstate commerce within the meaning of the ADEA and has employed more than 20 persons for each working day in each of twenty calendar weeks in the current and preceding calendar year.

10.    Plaintiff received a Notice of Right-to-Sue from the Equal Employment Opportunity Commission which was issued on March 22, 2024 and, therefore, timely files suit.

## IV. FACTUAL ALLEGATIONS GIVING RISE TO SUIT

11.     Plaintiff Brust began employment with Defendant Irdeto in April 2019 as Director for the Latin America & Caribbean region in the Sales and Support Department.

12.     Plaintiff performed his duties competently and without incident.

13.     While Plaintiff was 57 years of age when he was hired, Defendant changed its employee complement goals in the years thereafter.

14.     In the 2020's Defendant openly and aggressively sought a younger workforce. Just as Plaintiff reached 61 years of age in June 2022 he found himself directly targeted.

15.     This youthful focus was instituted throughout the Defendant's operations.

16.     Steve Russell, Defendant's Vice President of Video Entertainment Solutions identified the "new wave of talent" entering Defendant as "new graduates embarking on their careers" during this period.

17.     Similarly, Plaintiff's supervisor, Richard Frankland, the Senior Vice President of Global Sales, sought to eliminate older employees in favor of seeking new and younger employees.

18.     Mr. Frankland repeatedly expressed his view to fellow members of management including Plaintiff that "we gotta get younger."

19. Mr. Frankland singled out Plaintiff on account of his age. For example, Mr. Frankland started calling Gabriel Hahmann, who was in his 40s, Plaintiff's "heir apparent" and constantly sought to promote Mr. Hahmann.

20. Mr. Frankland told Plaintiff that he needed to stop traveling so much at his age and should simplify his lifestyle, presumably by retiring.

21. Mr. Frankland expressly enquired about individual ages. For example on a trip to Sao Paulo in 2022, e and I met with an external sales agent (Martin Eckschmeidt) . After the meeting, Mr. Frankland asked me how old Mr. Eckschmeidt. When Plaintiff responded that he was 51, Mr. Frankland expressed a professional interest in him.

22. Plaintiff approached Bengt Jonsson, Defendant's Senior Vice President of Sales to enquire about promotional opportunities.

23. Mr. Jonsson responded by putting his head down and shaking his head no while stating "we have an age discrimination problem and we know it." Mr. Jonsson was soon thereafter "retired" by Defendant.

24. Defendant's workforce complement was completely altered by May 2023, due demotions and forced retirement of employees over 40 years of age and the infusion, almost exclusively, of younger new hires.

25. Plaintiff sought a promotion to the position of Vice President of Americas

with Defendant in early 2023 but was not invited to apply despite the fact that Plaintiff was more qualified in terms of performance, qualifications and attributes, than the successful, younger candidate.

26. The successful candidate for the Vice President of Americas position, Kathy Cain, became Plaintiff's direct supervisor.

27. In a conversation with Plaintiff in May 2023 Ms. Cain stated that she was aware of the directive from her manager, Mr. Frankland that Defendant needs to get younger, specifically referencing Plaintiff and using the specific language "we gotta get younger."

28. This comment was not made in a manner to distance herself from her supervisor's employment strategy, but rather to put Plaintiff on notice that his days were numbered.

29. In May 2023, Plaintiff again complained internally of discrimination.

30. Specifically, Plaintiff reported his concerns about discrimination to Maggie Wing, one of Defendant's Human Resource specialists.

31. In response to this internal complaint, no investigation was conducted and no remedial action was taken.

32. The only response was a suggestion from Ms. Wing that Plaintiff be reassigned to a de facto demotion a few weeks later.

33. Plaintiff did not seek reassignment. He sought to do his job in an environment free from discrimination.

34. On June 2, 2023, having being informed of the company policy against older employees and faced with the prospect of demotion to an unwanted reassignment, Plaintiff felt compelled to resign.

## COUNT I

## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

35. Plaintiff restates and re-alleges paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36. Defendant created a hostile work environment on the basis of age.

37. Defendant denied promotional opportunity on the basis of age.

38. Defendant constructively terminated Plaintiff.

39. Defendant engaged in and/or knowingly permitted age discrimination in violation of the proscription thereof by the ADEA.

## COUNT II

## RETALIATION IN VIOLATION OF THE ADEA

40. Plaintiff restates and re-alleges paragraphs 1 through 34 of the Complaint as if fully set forth herein.

41. Defendant's response to internal complaints of discrimination constitutes retaliation for oppositional activity in violation of the anti-retaliation provisions of the ADEA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays;

a)        That the Court enter judgment against Defendant and for Plaintiff;

b)        That Plaintiff have and recover from Defendant back pay and benefits, with prejudgment interest thereon;

c)        That the Court reinstate Plaintiff to his position prior to constructive termination;

d)        That the Court grant Plaintiff a trial by jury;

e)        That the Court order Defendant to compensate Plaintiff for mental and emotional damages suffered as a result of Defendant's discriminatory acts;

f)        That the Court grant to Plaintiff punitive damages for Defendants' willful and intentional violations of the ADEA;

g)        That Plaintiff have and recover his attorney's fees and costs of litigation pursuant to 42 U.S.C. § 1988 and all other applicable federal laws; and

h)        Any and other such further relief that this Court or the Finder of Fact deems equitable and just.

This __12th__ day of  June 2024.

                                           __s/JohnDWales_____
                                           **John D. Wales, Esq.**
Georgia Bar No. 730785
Law Office of John D. Wales
2451 Cumberland Parkway
Suite 3843
Atlanta, Georgia 30339
Tel. (770) 850-2545
Fax (770) 850-2548
**johndwales@aol.com**